**236**

## SOHIO CORPORATION v. GIPSON et al.
### No. 127.

District Court, E. D. Illinois.

Jan. 4, 1941.

Donovan D. McCarty, of Olney, Ill., and Holliday, Grossman & McAfee, of Cleveland, Ohio, for plaintiff.

Ledbetter & Biggers, of Wewoka, Okl., Baker, Lesemann, Kagy & Wagner, of East St. Louis, Ill., and Virgil Mills, of Fairfield, Ill., for defendant.

WHAM, District Judge.

The above matter is before me upon motion of the defendants O. C. Meyers and John M. Halco for a summary judgment and decree in their favor directing that the funds paid into the registry of the court by plaintiff, Sohio Corporation, together with such sums as may in the future become due to such defendants, be distributed as follows: To Dewey E. Gipson—one-third thereof; To John M. Halco—one-half thereof; To O. C. Meyers—one-sixth thereof.

After a study of all the pleadings, the stipulation of the parties and the record of the case of O. C. Meyers, plaintiff, v. D. E. Gipson, defendant, No. 20967, in the District Court of the County of Seminole, State of Oklahoma, I have come to the conclusion that the motion for summary judgment should be allowed.

While John M. Halco was not a party to the suit in Oklahoma, that suit did involve the precise question which is controlling here as between the defendants O. C. Meyers and D. E. Gipson and finally determined the same. The essential question between Meyers and Gipson in that case was the same as the essential question here presented between Gipson and Halco. The defense which Gipson urged in that case against Meyers is the defense which he urges here against the claims of both Meyers and Halco. That court found the defense to be insufficient but did order the reimbursement of Gipson for the monies which he invested in the properties in question. I think that court was correct in holding the defense there advanced by Gipson to be insufficient as between Gipson and Meyers and I deem it insufficient here as between Gipson and Halco, as well as Meyers. Taking all the facts together, I am of opinion that the motion for summary judgment should be and it is hereby allowed.

Counsel for Meyers and Halco, collaborating with counsel for the plaintiff, may prepare the necessary formal findings, conclusions and order, which may be submitted to the court after notice to counsel for Gipson.